IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LANCY WHITE, JR., <br> # 13911-003, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO. 23-00176-WS-B <br> * <br> * <br> * <br> * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on review. Petitioner Lancy White, Jr. ("White"), through counsel, filed a petition that was incorrectly labeled as a petition for writ of habeas corpus by a prisoner in state custody under 28 U.S.C. § 2254.[1] (Doc. 1). White's petition was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). In the instant petition, White asserts that a special condition of his supervised release that prohibits him from accessing the internet without the permission of a probation officer violates his "constitutional rights including

---

[1] Section 2254 "applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003) (emphasis in original) (quoting 28 U.S.C. § 2254(a)). Since White is a federal prisoner challenging his federal sentence, § 2254 does not apply in this case. Rather, it appears that White intended to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

his First Amendment rights." (Id.). For the reasons set forth below, the Court finds that this habeas action is due to be **DISMISSED without prejudice** for lack of jurisdiction.

## I.   BACKGROUND

In September 2014, White was convicted in the Southern District of Alabama of two counts of using the internet to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). United States v. White, No. 1:14-cr-00116-KD-MU (S.D. Ala. 2014) ("White I"), ECF No. 79. In April 2015, the Court sentenced White to 132 months in prison, to be followed by a ten-year term of supervised release. Id., ECF No. 120. White's supervised release term includes the following special condition:

> the defendant shall not possess or use a computer with access to any 'on-line computer service' at any location (including employment) without the permission of the Probation Office; the defendant shall consent to periodic, unannounced examinations of any internet capable device, which may include retrieval and copying of all data to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection.

Id.

White filed a direct appeal raising several arguments attacking his convictions.[2] Id., ECF No. 156. In August 2016, the Eleventh Circuit Court of Appeals affirmed White's convictions. Id. In November 2017, White filed a counseled motion

---

[2] White did not raise any issues relating to his sentence on direct appeal. See White I, ECF No. 156.

to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Id., ECF No. 165. In the motion, White asserted that his trial attorney was ineffective for failing to investigate and present expert testimony of apparent manipulation of the Government's e-mail evidence introduced at trial. Id. On September 26, 2019, the district court denied White's § 2255 motion on the merits. Id., ECF No. 216, 220, 221. White appealed the district court's denial of his § 2255 motion and was granted a certificate of appealability by the Eleventh Circuit. Id., ECF No. 223, 228. On April 2, 2021, the Eleventh Circuit affirmed the district court's denial of White's § 2255 motion. Id., ECF No. 230. White filed a petition for writ of certiorari regarding the denial of his § 2255 motion in the United States Supreme Court, which was denied on October 12, 2021. (Doc. 1 at 3). According to his petition, White is currently at a halfway house in Hattiesburg, Mississippi, and is scheduled to be released in 2024. (Id. at 1, 4).

On May 17, 2023, White commenced this action by filing a petition for writ of habeas corpus.[3] (Doc. 1). In his counseled petition, White asserts that the special condition of his

---

[3] White did not pay the $5.00 habeas filing fee or move to proceed *in forma pauperis* as required by 28 U.S.C. § 1914; however, it was not clear upon initial review whether, despite its label as a habeas petition, this action should be treated as arising under § 2255, which does not have a filing fee.

supervised release that prohibits him from possessing or using a computer with access to any online computer service without the permission of the Probation Office "violates his First Amendment rights because the Court exercised unfettered discretion by disregarding the characteristics of his offenses and his lack of a criminal history" when it imposed the condition. (Id. at 11-13). In an order dated May 22, 2023, the undersigned directed the United States to file a response to White's petition on or before July 24, 2023. (Doc. 3). After no response was filed, White filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 4).

## II.  DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Cases, the assigned judge "must promptly examine" the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, R. 4. "This Rule applies to § 2241 cases." Little v. Alabama, 2022 U.S. Dist. LEXIS 137144, at *1, 2022 WL 18107087, at *1 (M.D. Ala. Aug. 2, 2022), report and recommendation adopted, 2023 U.S. Dist. LEXIS 185, 2023 WL 27866 (M.D. Ala. Jan. 3, 2023); see Rules Governing § 2254 Cases, R. 1(b) ("The district court may apply any or all of these

rules to a habeas corpus petition not [filed under 28 U.S.C. § 2254].").[4]

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005) (per curiam). However, under the saving clause of § 2255(e),[5] a prisoner may file a petition under § 2241 if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A motion to vacate under § 2255 "is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." McCarthan v. Dir. of Goodwill

---

[4] Similarly, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the judge who receives a § 2255 motion "must promptly examine it." Rules Governing § 2255 Proceedings, R. 4(b). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Id.

[5] The saving clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

5

Indus.-Suncoast, Inc., 851 F.3d 1076, 1099 (11th Cir. 2017) (en banc).  If a prisoner would have been permitted to bring his claim in a § 2255 motion to vacate, the prisoner had a "meaningful opportunity to test his claim" and cannot proceed under § 2241.  Id. at 1087.  Examples of when a motion to vacate may be "inadequate or ineffective" under § 2255(e) include when the prisoner's claim concerns the execution of his sentence, because that claim is not cognizable under § 2255(a), or when the sentencing court no longer exists, because the prisoner's motion may be brought only in that nonexistent venue.  Id. at 1088.  "The applicability of the saving[] clause is a threshold jurisdictional issue, and the saving[] clause imposes a subject-matter jurisdictional limit on § 2241 petitions."  Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (per curiam).  "The petitioner bears the burden of demonstrating that the § 2255 remedy was 'inadequate or ineffective to test the legality of his detention' for purposes of § 2255(e)."  Id.[6]

A prisoner's claim that challenges the legality or constitutionality of a supervised release condition cannot proceed

---

[6] Notably, "restrictions on successive § 2255 motions, standing alone, do not render [§ 2255] 'inadequate or ineffective' within the meaning of the saving[] clause."  Samak, 766 F.3d at 1274.  Likewise, the "unavailability of a § 2255 motion because of a time limitation or procedural bar does not render § 2255 'inadequate or ineffective' within the meaning of the saving[] clause."  Collazo v. United States, 190 F. App'x 759, 760 n.1 (11th Cir. 2006) (per curiam).

under § 2241 because the prisoner could have raised this claim in a § 2255 motion. See United States v. McClamma, 676 F. App'x 944, 948 (11th Cir. 2017) (per curiam) ("Congress . . . limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within [fourteen] days of the district court's decision, Rule 35[(a)] motion.") (quoting United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002)); United States v. Flowers, 2008 U.S. Dist. LEXIS 95881, at *1 n.1, 2008 WL 4927010, at *1 n.1 (N.D. Fla. Nov. 14, 2008) (noting that "direct appeal under 18 U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255 . . . are available to challenge the legality of a condition of supervised release"); Matthews v. United States, 378 F. App'x 451, 452–53 (5th Cir. 2010) (per curiam) (finding that the district court properly dismissed federal prisoner's § 2241 petitions challenging his supervised release term and certain conditions of his supervised release because a § 2241 petition that challenges the validity of a federal sentence is properly construed as a § 2255 motion and petitioner did not meet the requirements of the saving clause); Sandlin v. U.S. Att'y Gen., 2009 U.S. Dist. LEXIS 150677, at *2-5, 2009 WL 10695193, at *1–2 (E.D. Tex. June 1, 2009) (where former federal prisoner filed § 2241 petition challenging special conditions of his supervised release that constrained his access to the internet, the court

found that the petitioner's claims were "appropriately brought under a § 2255 motion" and recommended that the petition be dismissed as an unauthorized second or successive § 2255 motion), report and recommendation adopted, 2009 U.S. Dist. LEXIS 150783, 2009 WL 10695194 (E.D. Tex. Aug. 12, 2009); Bates v. Warden, FCI Coleman Low, 2022 U.S. Dist. LEXIS 68547, at *1-3, 2022 WL 1104096, at *1 (M.D. Fla. Apr. 13, 2022) (dismissing prisoner's § 2241 petition claiming, among other things, that his special conditions of supervised release were vague, overly broad, and impossible to comply with, because petitioner's claims challenged the validity of his sentence and could have been raised in a § 2255 motion). Given the above-referenced case law, White is precluded from seeking habeas relief under § 2241 because § 2255(e)'s saving clause does not apply to his claim.[7]

As noted *supra*, White previously filed a § 2255 motion challenging the same judgment that he challenges in the instant petition, which was denied on the merits. When a prisoner has

---

[7] The Court notes that under 18 U.S.C. § 3583(e)(2), a district court, after considering certain factors set forth in 18 U.S.C. § 3553(a), may modify the conditions of supervised release at any time prior to the expiration or termination of the term of supervised release. United States v. Cordero, 7 F.4th 1058, 1066 (11th Cir. 2021). However, § 3583(e)(2) "cannot be used to challenge the legality or constitutionality of supervised release conditions." Id. at 1070. Instead, "[a]rguments concerning the legality or constitutionality of a defendant's sentence are reserved properly for direct appeal or a 28 U.S.C. § 2255 motion to vacate sentence." Id.

8

filed a previous § 2255 motion to vacate, he must apply for and receive authorization from the appropriate court of appeals before filing a second or successive § 2255 motion. See 28 U.S.C. §§ 2244(b), 2255(h); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996) (per curiam). Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). There is nothing before the Court suggesting that White has sought and obtained permission from the Eleventh Circuit to file a second or successive § 2255 motion. Thus, if his petition is construed as a § 2255 motion, it is subject to dismissal as an unauthorized second or successive § 2255 motion.

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Here, the undersigned recommends that the Court decline to construe White's habeas petition as his second § 2255 motion and instead dismiss the instant habeas petition without prejudice for lack of jurisdiction,[8] for two reasons. First, regardless of whether the instant petition is construed as an improper § 2241 petition or as an unauthorized second or successive § 2255 motion,

---

[8] A dismissal for lack of subject matter jurisdiction must be without prejudice. See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1235 (11th Cir. 2008) (per curiam).

the petition is subject to dismissal for lack of jurisdiction. Second, construing White's doomed petition as a § 2255 motion would be inefficient, since it would require that the petition be docketed in White's criminal case and transferred to the District Judge assigned to that case prior to disposition.

Rule 12(h)(3) of the Federal Rules of Civil Procedures provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Since White cannot avail himself of the saving clause of § 2255(e), the Court lacks jurisdiction over his petition for writ of habeas corpus, and this habeas action is due to be dismissed without prejudice.[9]

IV. **CONCLUSION**

For the foregoing reasons, it is recommended that this habeas action be **DISMISSED without prejudice** for lack of subject matter

---

[9] In light of the undersigned's findings and recommendation, the Court's orders directing the United States to file a response to White's habeas petition (Docs. 3, 5) are hereby **WITHDRAWN.** Indeed, the Court notes that "the United States is not the proper respondent in a § 2241 petition; 'the default rule is that the proper respondent is the warden of the facility where the prisoner is being held' or whichever official is the petitioner's 'legal custodian insofar as [the petitioner's] sentences are concerned.'" Brown v. United States, 2023 U.S. Dist. LEXIS 26718, at *6 n.1, 2023 WL 2045583, at *2 n.1 (S.D. Fla. Feb. 16, 2023) (quoting Moody v. U.S. Att'y Gen., 730 F. App'x 851, 853 (11th Cir. 2018) (per curiam)). The Court further notes that the Eleventh Circuit has made clear that default judgment is inappropriate relief in the habeas context. See Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("recognizing that a default judgment is not contemplated in habeas corpus cases").

jurisdiction, and that White's motion for default judgment (Doc. 4) be **DENIED as moot**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

11

reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **13th** day of **October, 2023.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**